UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEANETTE RUIZ,

          Plaintiff,

vs.                                                      Case No. 8:04-CV-669-T-MSS

JO ANNE B. BARNHART, COMMISSIONER
OF SOCIAL SECURITY,

          Defendant.
_____/

## ORDER

Plaintiff brings this action pursuant to the Social Security Act ("the Act"), as amended, Title 42, United States Code, §§ 405(g) and 1383(c)(3), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying claims for disability insurance benefits under the Act.[1]

The Undersigned has reviewed the record, including a transcript of the proceedings before the Administrative Law Judge ("ALJ"), the exhibits filed, the administrative record, and the pleadings and memoranda submitted by the parties in this case.

**I.   BACKGROUND**

  A. Procedural History

Plaintiff applied for disability insurance benefits on May 27, 1999.  (T. at 17). Plaintiff alleged an onset of disability on December 15, 1998, due to obesity, asthma, sleep

---

[1]The parties have consented to proceed before the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 (c) and the district court has referred the matter for final disposition.

1

apnea, headaches, pain and fainting. (T. at 18). Her claim was denied initially and on reconsideration, and a request for hearing was timely filed. (T. at 17). A hearing was held on July 26, 2000, and disability benefits were denied by the ALJ in a September 20, 2000, decision. (T. at 23). On March 1, 2004, the Appeals Council denied review of the ALJ Decision, making the ALJ Decision the final decision of the Commissioner. (T. at 2-4). On April 22, 2004 , Plaintiff filed this action for review.

   B. Medical History and Findings Summary

Plaintiff's relevant medical history is set forth in the ALJ's Decision. By way of summary, plaintiff's medical records reflect a history of obesity, asthma, sleep apnea, pain and fainting. (T. at 18). Plaintiff was treated by Drs. Paul Revello and Luis Garcia at Revello Medical Center for multiple medical problems, including asthma and restrictive lung disease, sleep apnea, low back pain and morbid obesity from February 2, 1999, through July 19, 2000. (T. at 179). Dr. Revello referred Plaintiff to University Community Hospital for her sleep apnea, where Plaintiff participated in two separate overnight sleep studies. (T. at 114-119). The initial Sleep Apnea Diagnostic Report dated November 18, 1998, indicated severe obstructive sleep apnea and hypopnea with obvious cardiac involvement. (T. at 20). On February 26, 1999, a second and final sleep study showed improvement with the use of a nasal Constant Positive Air Pressure ("C-PAP") machine at night, although the symptoms of sleep apnea were not completely alleviated. (T. at 115).

Plaintiff was also treated at University Community Hospital for complaints of a cough and headaches and was diagnosed with acute bronchitis. (T. at 124). Plaintiff's nasal sinus x-rays on February 16, 2000, found "2 mm of mucosal thickening in the right maxillary sinus consistent with minimal inflammatory disease. . . . [t]he sinuses elsewhere

were clear." (T. at 157). On May 19, 1999, Plaintiff's chest x-ray was within normal limits, and a CAT scan of the brain was also normal. (T. at 20).

After considering the evidence, including medical records from Plaintiff's treating and examining physicians, the ALJ found that Plaintiff suffered from morbid obesity, sleep apnea, headaches, asthma and sinusitis, which he considered to be severe impairments. (T. at 19). However, Plaintiff did not have an impairment that "met or medically equaled" one listed in Appendix 1, Subpart P, Regulations No. 4, and she was not disabled under the Act. (T. at 19). The ALJ further determined that Plaintiff retained the residual functional capacity ("RFC") for light work with the ability to lift twenty pounds occasionally and frequently lift and carry objects weighing up to ten pounds, sit up for six hours in an eight hour work day and walk for up to six hours in an eight hour work day. (T. at 21). The ALJ ultimately found that Plaintiff could return to her past relevant work as a secretary or customer service representative ("CSR"), as both positions require less than a light level of exertion. (T. at 22).

## II. STANDARD OF REVIEW

In an action for judicial review, the reviewing court must affirm the decision of the Commissioner if it is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). If there is substantial evidence to support the Commissioner's findings, this Court may not decide the facts anew or substitute its judgment as to the

weight of the evidence for that of the Commissioner.  See Goodley v. Harris, 608 F.2d 234, 236 (5th Cir. 1979).

No similar presumption of validity attaches to the Commissioner's legal conclusions; rather the Court reviews the application of law *de novo*.  See Davis v. Shalala, 985 F.2d 528, 531 (11th Cir. 1993).  If an error of law was committed by the Commissioner, the case must be remanded to the Commissioner for application of the correct legal standard. See McDaniel v. Bowen, 800 F.2d 1026, 1029-1030 (11th Cir. 1986); Smith v. Heckler, 707 F.2d 1284, 1285 (11th Cir. 1983).  If the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied, then a remand to the Commissioner for clarification is required.  See Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987).

Against this standard, Plaintiff asserts three points of error: (1) that the ALJ erred in failing to credit the Plaintiff's subjective testimony regarding her non-exertional impairment of fatigue; and therefore erred in discrediting a treating physician opinion and vocational expert opinion (Pl. Br. at 10); (2) that the ALJ failed fully or adequately to consider all of the Plaintiff's impairments, individually or in combination, and their effect upon Plaintiff's ability to perform past relevant work, or any other work (Pl. Br. at 6); and, (3) that the ALJ erred in finding, without sufficient evaluation or evidence, that the Plaintiff could return to past relevant work (Pl. Br. at 8).  Each point is addressed in turn.

For the reasons that follow, the Undersigned **ORDERS** that the decision of the Commissioner be **AFFIRMED.**

## III. DISCUSSION

    A.    Whether the ALJ Properly Discounted Plaintiff's Subjective Complaints of Pain

Plaintiff asserts that the ALJ failed to credit Plaintiff's subjective testimony regarding her non-exertional impairment of fatigue resulting from hypersomnolence, back pain, cephalgia and/or asthma. (Pl. Br. at 10). Plaintiff contends that the reasons given for discounting Plaintiff's testimony are inadequate, unclear and not based on substantial evidence. (Pl. Br. at 11). In the heading of her memorandum, Plaintiff also states that the ALJ erred in discrediting treating physician opinion and vocational expert testimony (Pl. Br. at 10), but she does not address the issue or provide any further discussion in the body of the memorandum.

The standard for evaluating subjective evidence of pain in disability cases requires the ALJ to credit a claimant's subjective pain testimony if there is (a) evidence of an underlying medical condition <u>and</u> (b) either (1) objective medical evidence to confirm the severity of the alleged pain <u>or</u> (2) that the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain. <u>Mason v. Bowen</u>, 791 F.2d 1460, 1462 (11th Cir. 1986)(emphasis added). This standard also applies to other subjective complaints. <u>Holt v. Sullivan</u>, 921 F.2d 1221 (11th Cir. 1991).

Under the alternate prong of the pain standard, subjective pain testimony which is supported by clinical evidence of a condition that can reasonably be expected to produce the symptoms of which Plaintiff complains is itself sufficient to sustain a finding of disability. This prong requires the ALJ to evaluate the credibility of a claimant's testimony as to pain and if the testimony is rejected, to articulate a reasonable basis for the rejection. <u>Sewell v. Bowen</u>, 792 F.2d 1065, 1068 (11th Cir. 1986). If the ALJ rejects a claimant's testimony

5

regarding complaints of pain, he must articulate "explicit and adequate reasons" for doing so. Foote v. Chater, 67 F.3d 1553, 1561 (11th Cir. 1995). Further, the articulated reasons for discrediting a claimant's testimony must be supported by substantial evidence. Hale v. Bowen, 831 F.2d 1007, 1012 (11th Cir. 1987). Failure to articulate reasons for rejecting a claimant's testimony requires that the testimony be accepted as true as a matter of law. Foote, 67 F.3d at 1562. The same is true if the articulated reasons for discrediting the testimony are not supported by substantial evidence. Hale, 831 F.2d at 1012.

In reviewing the ALJ's decision, the Court must first determine as a matter of law whether the ALJ applied the correct legal standard in evaluating Plaintiff's complaints of pain and other subjective symptoms. See Bridges v. Bowen, 815 F.2d 622, 624 (11th Cir. 1987). If the Court finds that the ALJ applied the correct legal standard, the Court must determine whether the ALJ's finding that a claimant does not meet the Mason pain standard is supported by substantial evidence. See id. The Court may not disturb the ALJ's credibility finding if it is clearly articulated and supported by substantial evidence. See Foote, 67 F.3d at 1562.

In this proceeding, the ALJ, in conducting the pain analysis, concluded that Plaintiff did not meet one of the prongs of the test. The ALJ implicitly found that Plaintiff met the first prong of the pain test when he recognized sleep apnea to be one of Plaintiff's severe impairments. (T. at 19). The ALJ, however, found that Plaintiff did not meet the second prong of the test. Specifically, the ALJ found that Plaintiff's subjective complaints of pain and the non-exertional impacts of fatigue were not credible in light of discrepancies between Plaintiff's assertions and evidence contained in the record. (T. at 20). As required, he articulated an adequate basis for discounting Plaintiff's testimony. The ALJ

6

found that no treating or examining physician placed any work restrictions on Plaintiff or identified any exertional or non-exertional limitations stemming from her sleep apnea. (T. at 21). The ALJ recognized that Plaintiff continued to suffer from daytime hypersomnolence but found that, based on the most recent sleep study, Plaintiff showed "good results" with the use of her nasal C-PAP machine at night. (T. at 21). The ALJ further discounted Plaintiff's complaints of pain because of her statement that she keeps earnings under a certain limit to retain a civil service pension that could be stopped if she earns over a certain limit. (T. at 21). The ALJ also pointed to Dr. Revello and Dr. Garcia's office notes that indicated, "patient does not show for appointments." (T. at 21).

These articulated reasons are sufficient to discredit Plaintiff's statements. Thus, the ALJ's conclusion that Plaintiff's medical impairments were not as severe as she alleged, is supported by substantial evidence.

B.   Whether the ALJ Adequately Addressed All of Plaintiff's Impairments and Their Effect on the Plaintiff's Ability to Perform Past Relevant Work

Plaintiff next contends that the ALJ erred by failing to consider adequately the severity of her impairments as a whole or in combination. (Pl. Br. at 7-8). The Plaintiff argues that the ALJ's decision ignored the non-exertional effects of hypersomnolence and Plaintiff's assertions that she falls asleep during the day as a result. (Pl. Br. at 7). Plaintiff alleges that by failing to consider these severe impairments, the ALJ incorrectly found that Plaintiff can perform a full range of light or sedentary work. (Pl. Br. at 8).

If a claimant has alleged several impairments, the ALJ must consider the impairments in combination and determine whether their combined effect renders the claimant disabled. Jones v. Department of Health and Human Services, 941 F.2d 1529,

1533 (11th Cir. 1991)(citing Hudson v. Heckler, 755 F.2d 781, 785 (11th Cir. 1985)(citation omitted)).  However, the ALJ meets this standard by specifically finding "the claimant not to suffer any impairment, or combination of impairments" sufficiently severe to prevent participation in substantial gainful activity.  Wheeler v. Heckler, 784 F.2d 1073, 1076 (11th Cir. 1986); Holley v. Chater, 931 F. Supp. 840, 850 (S.D. Fla. 1996)(finding ALJ satisfied his duty under the Act when he stated, "[plaintiff] does not have an impairment or combination of impairments list in, or medically equal to one listed in Appendix 1, Subpart P, regulations No. 4.").

In the present case, the ALJ found that Plaintiff has an impairment or combination of impairments considered "severe," including:  morbid obesity, sleep apnea, headaches, asthma and sinusitis.  (T. at 22).  However, the ALJ articulated that although he considered these impairments severe, Plaintiff did not have an impairment or impairments that "met or medically equaled" one listed in Appendix 1, Subpart P, Regulations No. 4, and she was not disabled under the Social Security Act.  (T. at 19).  Furthermore, the ALJ explicitly considered each of these severe impairments before concluding that Plaintiff retains the ability to perform her past relevant work.  (T. at 21).  Specifically, the ALJ found that although Plaintiff has asthma, she has not required multiple in-patient hospitalizations and that chest x-rays indicated "negative examination for significant abnormality."  (T. at 21).  Further, the ALJ found that although Plaintiff has a history of recurrent sinusitis, nasal sinus x-rays showed "minimal inflammatory disease."  Plaintiff's severe sleep apnea had improved with the use of a C-PAP machine at night.  (T. at 21).  The ALJ noted that Plaintiff had a normal physical examination except for her morbid obesity, but the ALJ

factored this impairment in her assessment of Plaintiff's ability to perform past relevant work. (T. at 21).

The ALJ specifically stated that all of Plaintiff's severe impairments were considered before the conclusion was reached that they were not severe enough to prevent Plaintiff from returning to her past relevant work, thus meeting the Eleventh Circuit's standard.

C. Whether the ALJ Erred in Finding, Without Sufficient Evaluation or Evidence, that the Plaintiff Could Return to Past Relevant Work

Finally, Plaintiff argues that the ALJ did not properly evaluate her ability to continue to perform the requirements of her past relevant work. Plaintiff asserts that the testimony of a vocational expert should have been elicited to determine whether Plaintiff's past relevant work, or any other positions in the national economy, were amenable to her limitations. (Pl. Br. at 10).

In determining Plaintiff's RFC, the ALJ must consider any medical opinions, which are statements from acceptable sources, which reflect judgments about the nature and severity of [Plaintiff's] impairments and resulting limitations. 20 C.F.R. § 416.927; Social Security Rulings 96-2p and 96-6p. The ALJ is allowed to consider non-examining state agency physicians as acceptable medical sources so long as the opinions are supported by evidence in the case record as a whole. See 20 C.F.R. § 404.1527(f); Social Security Ruling 96-6. The law requires the ALJ to obtain the testimony of a vocational expert to determine a claimant's RFC only if the claimant demonstrates that [s]he cannot perform h[er] past relevant work. 20 C.F.R. §§ 404.1569 and 404.1569a; Schnorr v. Bowen, 816 F.2d 578, 582 (11th Cir. 1987).

In determining that Plaintiff retained the capacity for light level work, the ALJ considered the medical source opinions of the State agency medical examiners who reviewed Plaintiff at the initial and reconsideration levels, as well as additional evidence received at the hearing. (T. at 21). The ALJ found that Plaintiff has the ability to carry up to 20 pounds, frequently lift and carry objects weighing 10 pounds, sit up 6 hours in an 8-hour day and walk for up to 6 hours in an 8-hour day. (T. at 21). Based upon the above limitations, the ALJ found that Plaintiff could return to her past relevant work as a secretary or customer service representative, as both require a less than light level of exertion. (T. at 22).

Furthermore, the activities of her past relevant work as stated by Plaintiff in her hearing testimony on July 26, 2000, and her Disability Report contained in the record are consistent with the ALJ's findings regarding her capacity to perform past relevant work. Plaintiff testified that from December 1997 through February 1998 she performed clerical, sedentary-type work; from July 1998 through August 1998 she performed customer service work that included sitting and no heavy lifting; and, from April 1999 through May 1999 she performed customer service work. (T. at 197-198). Each of Plaintiff's job descriptions is consistent with the RFC found by the ALJ. (T. at 75). Finally, as performed in the national economy, clerical work such as that performed by the Plaintiff as past relevant work, fell squarely within the capability the ALJ set for the Plaintiff.

The Court finds that Plaintiff did not meet her burden of demonstrating she could not perform the activities of a secretary or customer service representative, and the ALJ's decision that she could perform her past relevant work is supported by the record. As such, the ALJ was under no obligation to call a vocational expert.

**VI.     CONCLUSION**

Accordingly, it is ordered that the Commissioner's decision is **AFFIRMED**. The Clerk is directed to enter a separate judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure in favor of the Defendant and **CLOSE** this case.

**DONE AND ORDERED** in Tampa, Florida on this 23rd day of September 2005.

MARY S. SCRIVEN
United States Magistrate Judge